UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE O'BRYAN SWANN,<br><br>Plaintiff,<br><br>v.<br><br>INTEL PROBLEMS & SOLUTIONS, et al.,<br><br>Defendants. | Case No. 4:23-cv-06625-KAW<br><br>**SCREENING ORDER REVIEWING PLAINTIFF'S COMPLAINT; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 1 |

On December 26, 2023, Plaintiff Blake O'Bryan Swann filed this civil action and application to proceed *in forma pauperis*. Plaintiff received several extensions of time to file an amended application to proceed *in forma pauperis*, which was ultimately granted on February 20, 2025. (Dkt. No. 23.) The Court now screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

### I.   LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122,

1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II.     DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging that a computer he purchased and "sent off" never returned. (*See* Compl., Dkt. No. 1 at 4.) Plaintiff contends that this is a "consumer law" and that he suffered economic and emotional distress damages because of Defendants' actions. *Id.* at 3-4. Plaintiff, however, cites to an "affidavit of complaint" to provide the statement of facts, but no such document has been filed. *See id.* at 2. As a result, the Court cannot determine the facts which

form the basis of this lawsuit. Moreover, Plaintiff needs to identify which consumer law he is alleging for each claim— listing "consumer law" for the claim is not sufficient. Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III.   CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for all claims and must do so by filing an amended complaint by **April 11, 2025**. If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: https://cand.uscourts.gov/pro-se-litigants/.

Finally, the Court continues the case management conference set for March 18, 2025 to August 5, 2025 at 1:30 p.m. Case management statements are due on or before July 29, 2025.

IT IS SO ORDERED.

Dated: March 11, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge